IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. MASON, | ) | Case No. 5:25–CV–000636 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | Magistrate Judge Carmen E. Henderson |
| | ) | |
| WARDEN ANGELA STUFF, DAVID YOST, | ) | |
| THE ATTORNEY GENERAL OF THE | ) | **ORDER ADOPTING REPORT AND** |
| STATE OF OHIO, | ) | **RECOMMENDATION** |
| | ) | |
| Respondents. | ) | |

This matter is before the Court upon the *Report and Recommendation* of Magistrate Judge Carmen E. Henderson, (ECF #8), regarding Petitioner Christopher M. Mason's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus*, (ECF #1). This matter was referred to Magistrate Judge Henderson pursuant to N.D. OHIO L. CIV. R. 72.2 to prepare a report and recommendation on Mr. Mason's *Petition*, which she filed on December 19, 2025. (ECF #8).

In the *Report and Recommendation*, Magistrate Judge Henderson recommended denial of the *Petition*. After the *Report and Recommendation* was filed, Mr. Mason filed an *Objection to the Report and Recommendation*. (ECF #9). The Government has not filed a response. Because an objection was filed to the *Report and Recommendation*, this Court reviewed the case *de novo*. FED. R. CIV. P. 72(b)(3).

For the reasons set forth below, the *Report and Recommendation*, (ECF #8), issued by Magistrate Judge Carmen E. Henderson is ADOPTED in its entirety.

## I. Procedural Background

On April 1, 2025, Petitioner Christopher M. Mason filed a *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus*, (ECF #1) ("*Petition*"). In his *Petition*, he challenged the constitutionality of his convictions in the Summit County Court of Common Pleas for murder, attempted murder, felonious assault, child endangering, and possession of weapons while under disability, with additional gun specifications, for which he is serving a sentence of 31 years to life imprisonment. His *Petition* asserts two grounds for relief:

> **Ground One** — The trial court lacked jurisdiction to try Mr. Mason because the jury waiver did not strictly comply with R.C. 2945.05. (ECF #1, *Petition*, p.3 [PageID #3]).
>
> **Ground Two** — The guilty verdicts on Counts 1 and 2 were against the manifest weight of the evidence. (*Id.* at p.7 [PageID #7]).

After receiving an extension of time to do so, Respondent Warden Angela Stuff filed a *Return of Writ* on August 18, 2025. (ECF #6). Petitioner Mr. Mason filed a *Traverse* on September 9, 2025. (ECF #7). The Magistrate Judge's *Report and Recommendation* was filed on December 19, 2025. (ECF #8). Mr. Mason filed an *Objection to the Report and Recommendation*, (ECF #9) ("*Objection*"), on January 21, 2026, and the Government has not responded. He levies two objections to the *Report*.

## II. Legal Standards

### A. <u>Report and Recommendation Review Under Fed. R. Civ. P. 72(b)(3)</u>

The applicable district court standard of review for a Magistrate Judge's report and recommendation depends upon whether objections were made to the report. When objections are made, as was done here, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b)(3) provides that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides this Court with the following standard of review:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law…
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). In addition, a reviewing Federal court is obligated to accept a state court's interpretation of the state's statutes and rules of practice, as it is presumed to be correct. 28 U.S.C. § 2254(e).

### 1. *Ground One and Petitioner's First Objection*

Ground One of Mr. Mason's *Petition* argues that the trial court lacked jurisdiction because his jury waiver did not strictly comply with Ohio Revised Code § 2945.05. (ECF #1, *Petition*, p.3 [PageID #3]). He states that "the record does not support that the written waiver was signed and executed in open court[,] rather it appears the waiver was signed and executed sometime prior to trial and not in open court." (*Id.*).

Magistrate Judge Henderson correctly noted that this "argument is based entirely on an alleged failure to comply with the state procedural requirements in Revised Code 2945.05[]" and that "[b]ecause [Mr. Mason] has presented solely a state law claim, federal habeas relief is not

warranted." (ECF #8, *Report and Recommendation*, p.9–10). Magistrate Judge Henderson also found that even if Mr. Mason's due process concerns regarding the jury waiver transformed the claim into a federal one, he failed to raise the argument at any point in the appellate process and, therefore, has not exhausted the argument. (*Id.* at p.10). This Court agrees with both findings.

Mr. Mason's objection to the Magistrate Judge's finding on Ground One does nothing more than recast his argument. Mr. Mason argues his habeas petition's challenge to the jury waiver created a federally cognizable claim "because although it was predicated on state law[,] it directly implicated the federal question of whether defendant[']s trial in the absence of a jury violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process." (ECF #9, *Objection*, p.2 [PageID #780]). He argues that this error in state law rendered the trial so fundamentally unfair that it deprived him of due process. (*Id.*).

This Court rejects Petitioner's First Objection and agrees with the findings of Magistrate Judge Henderson. Federal habeas relief is only warranted for claims that allege that a petitioner "is in custody in violation of the Constitution or laws or treatise of the United States." 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (quotations omitted)). As Magistrate Judge Henderson explained, Mr. Mason's argument rests entirely on state law and, therefore, is not cognizable on federal habeas review. Further, any due process concerns raised by Mr. Mason have not been brought at any time during the appellate process, and a habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

### 2. *Ground Two and Petitioner's Second Objection*[1]

In Ground Two of his *Petition*, Mr. Mason argues that the guilty verdicts on Counts 1 and 2 were against the manifest weight of the evidence. Mr. Mason argues that he acted in self-defense under Ohio law. (ECF #1, *Petition*, p.7 [PageID #7]). Magistrate Judge Henderson correctly noted that Petitioner's manifest weight of the evidence claim "'rests solely on state law,' such that it is not cognizable on federal habeas review." (ECF #8, *Report and Recommendation*, p.12). Nonetheless, she headed her directive to provide a "liberal and active construction of pro se claims for relief 'to encompass any allegations stating federal relief.'" (*Id.* quoting *Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007)). In doing so, she construed his claim "as a challenge to the sufficiency of the evidence supporting his murder convictions" to bring it within the ambit of the Court. (ECF #8, *Report and Recommendation*, p.12).

As a result, the Magistrate Judge looked at "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The state appellate court found that, given the evidence presented at trial, any rational trier of fact could have concluded that Mr. Mason did not act in self-defense. Namely, the court found it significant that the victim sustained a gunshot wound to the back of her head, resulting in an almost immediate death. In light of the evidence presented, Magistrate Judge Henderson found that Mr. Mason failed to show that his murder convictions were based upon insufficient evidence and recommended that Mr. Mason be denied relief on Ground Two. (ECF #8, *Report and Recommendation*, p.16).

---

[1] Mr. Mason also argues that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the case. (ECF #9, *Objection to Report and Recommendation*, p.4 [PageID #782]). Petitioner's argument regarding the authority of the Court under 28 U.S.C. § 1367 to hear the case is misplaced. Because there is no violation of constitutional law, Petitioner lacks a federal claim.

Mr. Mason's second objection is essentially a restatement of his second ground for relief. He attempts to federalize this claim by adding that it violates his Fourteenth Amendment rights. (ECF #9, *Objection*, p.4 [PageID 782]). Although not entirely clear, he appears to argue that his Fourteenth Amendment rights were violated because the Government was not required to "carry it[']s burden of proof beyond a reasonable doubt" or to disprove the elements of self-defense. (*Id.* at p.5 [PageID# 783]). The result, Mr. Mason argues, is that the convictions were against the manifest weight of the evidence, which resulted in a "profound miscarriage of justice." (*Id.*). This Court agrees with the Magistrate Judge's finding that this claim rests solely on state law and, therefore, that it is not cognizable on federal habeas review. Even if recast as a sufficiency of the evidence argument, Mr. Mason's second ground for relief and second objection fail.

### B. Certificate of Appealability Under 28 U.S.C. § 2253(c)

Pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to any of the claims presented in the *Petition*. Section 2253 of Title 28 of the United States Code provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>
> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> **(B)** the final order in a proceeding under section 2255.
>
> **(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> **(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

This Court agrees with Magistrate Judge Henderson's findings that Petitioner's two grounds for relief are "non-cognizable and meritless." (ECF #8, *Report and Recommendation*, p.16). Magistrate Judge Henderson was correct in her decision not to recommend granting a certificate of appealability. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

## II. Conclusion

This Court has reviewed the *Report and Recommendation* in this case *de novo* and has considered all the parties' filings. The Court finds Magistrate Judge Carmen E. Henderson's *Report and Recommendation* to be thorough, well-written, well-supported, and correct. After careful evaluation, this Court ADOPTS the findings of fact and conclusions of law set forth by Magistrate Judge Henderson over Mr. Mason's objections.

Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* is hereby DENIED.

The Court finds that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 17, 2026